IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEONTAE LATHAM, M53473, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 25-cv-93-DWD |
| C/O COLLINS, | ) |
| JOHN DOES 1-5, | ) |
| WARDEN OF MENARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On January 22, 2025, this matter was severed from Case No. 24-cv-2391, and Plaintiff Deontae Latham was given the option of proceeding with this matter or dismissing it. On February 13, 2025, Plaintiff indicated that he wished to proceed in this case. On March 5, 2025, the Court reviewed Plaintiff's complaint, it initiated service, it gave Plaintiff a deadline to file information about John Does 1-5 within 21 days, and it directed him to pay the filing fee or apply for in forma pauperis status. (Doc. 5). On April 10, 2025, the Court again ordered Plaintiff to file information about John Does 1-5 by May 1, 2025, and on April 29, 2025, it again ordered him to pay the $405 or apply for IFP by May 20, 2025. (Docs. 10, 11). The Court has not received anything at all from Plaintiff since his initial indication he wanted to proceed with the case in February of 2025. He was warned that a failure to respond to the Court's orders would result in the dismissal of this case for failure to prosecute. (Docs. 10-11); *see also* Fed. R. Civ. P. 41(b); *James v.*

*McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b) a court has authority to dismiss an action for failure to prosecute if a party does not provide a timely response to a court order).

Given that Plaintiff has completely abandoned this case, the Court now finds it appropriate to dismiss this matter for failure to prosecute. Warden Anthony Wills (a party added to this case solely in official capacity) recently moved for dismissal for failure to prosecute. (Doc. 12). Wills' Motion to Dismiss (Doc. 12) is **GRANTED**, and this matter is dismissed with prejudice for Plaintiff's failure to prosecute. This dismissal does not excuse Plaintiff's obligation to pay the filing fee, so the Clerk of Court is **DIRECTED** to collect the $405 filing fee. The Clerk is also **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: May 29, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge